UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS ALFONSO LEON,

            Plaintiff,

   v.

SEDLACK, *et al.*,

            Defendants.

CASE NO. 2:23-cv-1336-JLR-GJL

ORDER ON MOTION FOR EXTENSION OF TIME TO PAY FILING FEE

     The District Court has referred this action filed pursuant to 42 U.S.C. § 1983 to United States Magistrate Judge Grady J. Leupold. This matter is before the Court on Plaintiff's Motion for Extension of Time to Pay Filing Fee. Dkt. 13. For the reasons that follow, Plaintiff's request for a two-month extension is **DENIED** and, instead, he is **GRANTED** an additional two weeks to pay the $405.00 filing fee.

### I.    BACKGROUND

     Plaintiff Luis Alfonso Leon, proceeding *pro se*, filed this action on August 28, 2023. Upon receipt of Plaintiff's Proposed Complaint (Dkt. 1), the Clerk of Court notified Plaintiff that his filing was deficient because he had not paid the filing fee or applied to proceed *In Forma*

*Pauperis* ("IFP") (Dkt. 2). The Clerk of Court also informed Plaintiff that he had until September 28, 2023, to correct these deficiencies. *Id.* In response, Plaintiff filed an incomplete IFP Application. Dkt. 4. On October 2, 2023, the Clerk of Court notified Plaintiff that he needed to submit a copy of his Prison Trust Account Statement on or before November 1, 2023, to cure his deficient IFP Application. Dkt. 6.

After sending the second Deficiency Notice, the Court was informed that Plaintiff's address had changed. Dkt. 7. To ensure Plaintiff was aware that he still needed to cure his filing deficiencies, the Clerk of Court sent a third Deficiency Notice to Plaintiff's new address and extended the deadline to cure until December 8, 2023. Dkt. 8. This third Deficiency Notice was returned as "refused" on November 21, 2023. Dkt. 9.

On January 2, 2024, the Court received another notice that Plaintiff's address changed. Dkt. 10. Two days later, the Clerk of Court sent a fourth Deficiency Notice to Plaintiff's new address and extended the deadline to either pay the filing fee or cure his IFP Application until February 5, 2024. Dkt. 11.

After the twice extended deadline passed with nothing filed by Plaintiff, the Court issued an Order, ordering Plaintiff to show cause why this case should not be dismissed for failure to prosecute. Dkt. 12. In response to that Show Cause Order, Plaintiff filed the instant Motion requesting a third extension of time to pay the filing fee. Dkt. 13.

## II.   DISCUSSION

In his Motion, Plaintiff states that he only recently began working after his release from custody, so he requires an additional two months before he can afford the $405.00 filing fee. Dkt. 13. That may be the case, however, Plaintiff has been given numerous opportunities to demonstrate he is unable to afford the filing fee (*See* Dkts. 2, 6, 8, 11, 12), and he has yet to do

ORDER ON MOTION FOR EXTENSION OF TIME TO PAY FILING FEE - 2

so. Thus, despite being filed over six months ago, this case remains in the very early stages of litigation. This premature procedural posture is a direct result of Plaintiff's failure to promptly respond to the Court's numerous deficiency notices and to diligently prosecute his claims. Therefore, the Court finds Plaintiff has failed to show good cause for granting another lengthy extension of time to pay his filing fee.

### III. CONCLUSION

Accordingly, Plaintiff's Motion for Extension of Time to Pay Filing Fee (Dkt. 13) is **DENIED in part** and **GRANTED in part**. Plaintiff's request for a two-month extension is **DENIED**; nevertheless, Plaintiff is **GRANTED** an additional two weeks to pay the $405.00 filing fee. Plaintiff is advised that failure to pay the filing fee by **March 18, 2024**, will result in a recommendation that his case be dismissed for failure to prosecute and for failure to comply with a Court Order.

Dated this 1st day of March, 2024.

Grady J. Leupold
United States Magistrate Judge