UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS ALFONSO LEON,

          Plaintiff,

  v.

SEDLACK,

          Defendant.

CASE NO. 2:23-cv-1336-JLR-GJL

REPORT AND RECOMMENDATION

Noting Date: April 12, 2024

      The District Court referred this action filed pursuant to 42 U.S.C. § 1983 to United States Magistrate Judge Grady J. Leupold. Plaintiff Luis A. Leon, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Dkt. 1. Since filing his Proposed Complaint, Plaintiff received several notices of his filing deficiencies and yet, as of the date of this Report and Recommendation, he has not demonstrated his eligibility to proceed *In Forma Pauperis* ("IFP") or paid the filing fee. Therefore, the Undersigned recommends this case be **DISMISSED without prejudice** for failure to prosecute and for failure to comply with a Court Order.

**I.    BACKGROUND**

      Plaintiff initiated this action on August 28, 2023. Upon receipt of Plaintiff's Proposed Complaint (Dkt. 1), the Clerk of Court notified Plaintiff that his filing was deficient because he

REPORT AND RECOMMENDATION - 1

had not paid the filing fee or applied to proceed IFP (Dkt. 2). The Clerk of Court also informed Plaintiff that he had until September 28, 2023, to correct these deficiencies. *Id.* In response, Plaintiff filed an incomplete IFP Application. Dkt. 4. On October 2, 2023, the Clerk of Court notified Plaintiff that he needed to submit a copy of his Prison Trust Account Statement on or before November 1, 2023, to cure his deficient IFP Application. Dkt. 6.

After sending the second Deficiency Notice, the Court was informed that Plaintiff's address had changed. Dkt. 7. To ensure Plaintiff was aware that he still needed to cure his filing deficiencies, the Clerk of Court sent a third Deficiency Notice to Plaintiff's new address and extended the deadline to cure until December 8, 2023. Dkt. 8. This third Deficiency Notice was returned as "refused" on November 21, 2023. Dkt. 9.

On January 2, 2024, the Court received another notice that Plaintiff's address had changed. Dkt. 10. Two days later, the Clerk of Court sent a fourth Deficiency Notice to Plaintiff's new address and extended the deadline to either pay the filing fee or cure his IFP Application until February 5, 2024. Dkt. 11.

After the twice extended deadline passed without further filings from Plaintiff, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute. Dkt. 12. In response to that Show Cause Order, Plaintiff requested a third extension of time to pay the filing fee, arguing he had only recently begun working after his release from custody and required an additional two months before he can afford the $405.00 filing fee. Dkt. 13.

After noting that Plaintiff was given numerous opportunities to demonstrate his inability to afford the filing fee and that he has still failed to do so, the Court found that Plaintiff failed to show good cause for granting another lengthy extension. Dkt. 14. Instead, the Court granted Plaintiff a final two-week extension of time to pay the filing fee and informed him that failure to

REPORT AND RECOMMENDATION - 2

do so would result in a recommendation of dismissal for failure to prosecute and for failure to comply with a Court Order. *Id.*

## II. DISCUSSION

Plaintiff's final deadline to pay the filing fee elapsed on March 18, 2024. Dkt. 14. Although he was advised of the consequences of failing to do so, Plaintiff has not paid the $405.00 filing fee or demonstrated his eligibility to proceed IFP. *Id.* As a result, this action should be dismissed.

## III. CONCLUSION

For the stated reasons, the Undersigned recommends this action be **DISMISSED without prejudice** for failure to prosecute and for failure to comply with a Court Order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 12, 2024**, as noted in the caption.

Dated this 25th day of March, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3